SNYDER *v.* O'BEIRNE.

1. PARTNERSHIP—FAILURE TO PERFORM AGREEMENT—PROFITS.

Where, under a partnership agreement for cutting and manufacturing timber, complainant was to furnish the timber, defendant to defray the expenses, and the proceeds were to be divided equally, and a large amount of timber was cut, defendant, who failed to make further advances, and forbade complainant to sell the lumber, cannot thereafter claim profits which might have resulted from the successful operation of the enterprise.

2. SAME—ACCOUNTING—DEBTS.

On a bill for an accounting, unpaid accounts against a partnership should be paid by the receiver out of the assets, and not charged to either party.

3. SAME—HARMLESS ERROR.

A decree of the circuit court for complainant on a partnership accounting will not be decreased because of an error in giving complainant a credit, which is more than offset by an excessive credit to defendant, due to a concession based upon a mistaken computation, though complainant has not appealed.

4. APPEAL—DECREE—AMOUNT.

A decree will not be increased in amount in favor of a party who has not appealed.

Appeal from Clare; Dodds, J. Submitted January 15, 1903. (Docket No. 44.) Decided March 5, 1903.

Bill by Amos W. Snyder against William O'Beirne for a partnership accounting. From a decree for complainant, defendant appeals. Affirmed.

*C. W. Perry* and *C. H. Rose*, for complainant.

*V. H. & H. H. Smith*, for defendant.

CARPENTER, J. This is a bill for a copartnership accounting. In the fall of 1899 the parties to this suit

formed a partnership, by verbal agreement, to cut and manufacture into lumber the timber then standing upon land owned by complainant. Complainant agreed to furnish the timber, defendant to defray the expenses, and the net proceeds were to be divided equally between them. After about 300,000 feet of logs had been cut, and part of the same manufactured into lumber, a controversy arose between the parties as to the terms of the partnership agreement, and as to the performance of their respective obligations thereunder. This controversy resulted in the present suit, in which both parties agreed in asking for an accounting, but differed radically as to their respective rights. The testimony was taken in open court. The court below made a decree directing the receiver theretofore appointed to close up the affairs of the partnership, to pay complainant $17.16, the balance found to be his due, and to divide the remaining proceeds equally between complainant and defendant. From this decree defendant appeals, claiming the same to be erroneous in various particulars, which, so far as needful, will be discussed in this opinion.

1. Defendant claims that he should have been allowed on said accounting the amount of $1,975, as compensation for his interest in the timber uncut in the spring of 1900. It is a sufficient answer to this claim to say, as we shall endeavor to show, that the defendant released the complainant from all obligation to carry out the copartnership contract by failing to make the advances necessary to its success. It appears quite clearly from the testimony that in the month of March, 1900, after the timber had been cut and deposited in a lake, defendant left the scene of operations in Clare county, and went to his home, in Ionia county, promising to return in a few days. He did not return until the 15th of the following November. He made no arrangement whatever for the sawing of the logs in the lake, though the copartnership agreement clearly contemplated that they should be sawed during that season. The complainant, acting within his rights, as we

are bound to decide, let the contract to one Cline to saw said logs. August 23, 1900, after complainant had advanced to Cline $108.71, he wrote defendant, "Unless I hear from you at once, I shall be compelled to offer the lumber at a loss." Defendant, by letter of August 27th, forbade complainant selling any of the lumber, and on the 24th of September forbade both sawing and selling. Complainant being unable, from his own resources, to pay any more on the sawing account, the lumber was seized on an attachment to satisfy the liens of laborers, and subsequently sold. Defendant was notified of this attachment, but took no action. When defendant came to Clare county in November, 1900, he refused to reimburse complainant's advances and to pay his account. As above indicated, we are clearly of the opinion that this conduct of defendant was a clear breach of his obligation. He failed to make the advances essential to the success of the undertaking, and thereby released complainant from all obligation to carry on the copartnership. He cannot now claim the profits which might have resulted from the successful operation of the enterprise.

2. Defendant objects to the action of the trial court in giving complainant credit for his own services, for hay furnished the copartnership, and for the unpaid accounts against the copartnership of William Walker and Arthur Pugsley; and he contends that complainant received an excessive allowance for the moneys advanced to Cline, and for milk furnished the copartnership. It is a sufficient answer to all these objections, except those which relate to the Walker and Pugsley accounts, to say that, in our opinion, the testimony clearly warranted the action complained of.

Complainant should not, however, have received credit for $12 due William Walker and $12 due Arthur Pugsley. These were unpaid accounts against the copartnership, and should be paid by the receiver out of the partnership assets. Crediting these accounts to complainant did not discharge defendant or the copartnership from liability therefor.

In our opinion, however, the error of the court in giving this credit to complainant was more than offset by an excessive credit to defendant. The trial court, acting upon a concession of complainant's counsel, which obviously resulted from a mistake in computation, assumed defendant's total credits to be $535.15. This was, to say the least, more than $24 in excess of his actual total credits, as shown by complainant's brief and by a careful examination of the record. While we would not permit counsel to repudiate such an admission for the purpose of unsettling a decision made thereon, it would obviously be unjust to reduce the amount of this decree, which is already too low, because of such mistaken concession. For the purpose of sustaining the decree of the court below, it would be inequitable to prevent complainant's proving that the amount allowed him was too small.

3. Complainant, who did not appeal from the court below, asks us to revise the finding of the circuit judge, and to increase the amount allowed to him. His failure to appeal gives us no right to increase that allowance.

The decree of the court below will be affirmed.

The other Justices concurred.